UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 13-10744-LTS |
| DORCHESTER CHIROPRACTIC, INC., GERARD BLACKWOOD, D.C., and ERIC LUSTGARTEN, D.C., | | |
| Defendants. | | |

FIFTH ORDER ON PENDING DISCOVERY MOTIONS

September 16, 2014

SOROKIN, D.J.

Plaintiffs duly issued a Rule 45 subpoena to non-party witness Dr. William Adams. Neither Dr. Adams nor any defendant moved to quash or otherwise objected to the documents the subpoena commanded Dr. Adams to produce. At the deposition, Dr. Adams did produce some documents though he also conceded both that he declined to search for some categories of documents and as to others failed to request the documents from other parties. Docket # 147-6 at 11-13, 19-20, 22-30. The rules are plain that a witness must produce not only those documents in the witness' physical possession, but also those within the witness' "custody or control." Fed. R. Civ. P. 34(a)(1).

Now, Plaintiffs request that the Court hold non-party witness Dr. William Adams in contempt for failure to comply with his obligations under the Rule 45 subpoena. For relief, they

seek the opportunity to serve subpoenas on unspecified third parties (to obtain the documents Adams did not produce), resume Adams' deposition and receive attorney fees and costs. Defendants oppose, though neither they nor their counsel purport to represent Dr. Adams in his individual capacity.  Dr. Adams has filed no separate opposition though he has supplied an affidavit filed by the defendants.

In light of the foregoing, the Motion is ALLOWED IN PART AND DENIED IN PART. Within fourteen days, Dr. Adams shall (1) conduct a diligent search for the documents sought by the subpoena; (2) request and obtain those documents under his custody or control in the possession of others (including for example his accountant, his bank or his present or former counsel); (3) provide in writing and under oath to Plaintiffs a reasonably specific description of the search he has undertaken including a list of the third parties from whom he has sought documents; and (4) provide the tax or other documents from or pertaining to Dorchester Chiropractic, Inc. ("DCI") showing any taxable distributions, dividends, or payments received from DCI.  After receipt of the foregoing documents and during the extended discovery period described below, Plaintiffs may resume Adams' deposition for up to four hours.  In all other respects the Motion for Contempt (Docket # 146) is DENIED.

The Unopposed Motion to Amend (Docket # 167) is ALLOWED to permit the conclusion of the discovery already underway.  The Court is not reopening discovery to permit the initiation of new discovery.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge